UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>          Plaintiff,<br><br> v.<br><br>BRIDGECREST CREDIT COMPANY, LLC<br><br>          Defendant. | Case No. 1:24-cv-01364-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND LOCAL RULE 183(b)<br><br>OBJECTIONS, IF ANY, DUE WITHIN 30 DAYS |

Plaintiff Hussein Ali is proceeding *pro se* in this civil rights action filed on October 3, 2024, against Bridgecrest Credit Company, LLC ("Bridgecrest" or "Defendant"). On November 13, 2024, Bridgecrest filed a motion to dismiss the complaint for failure to state a claim. (ECF No. 5). Plaintiff has not opposed the motion. Plaintiff has not otherwise appeared in this case since its removal from state court, and all of mail the Court has sent Plaintiff has been returned as undeliverable.

Because Plaintiff has failed to comply with a court order and Local Rule 183(b), both of which require a Plaintiff to notify the Court of the Plaintiff's current address, the Court will recommend that this action be dismissed without prejudice.

**I.   ANALYSIS**

This Court's informational order entered on November 7, 2024, states as follows:

> A Plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice. *See* Local Rule 182(f). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute**.

(ECF No. 4-3 at 3) (emphasis in original).

Additionally, Local Rule 183(b) provides as follows:
> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b) (emphasis omitted).

On November 7, 2024, the Clerk served Plaintiff at the address provided on the complaint with, among other documents, the Court's scheduling order, informational order, and a blank consent form. On November 20, 2024, the Clerk sent Plaintiff a copy of the Court's November 20 minute order and the November 20 notice of reassignment. The next day, on November 21, 2024, the Clerk sent Plaintiff a copy of Judge Thurston's standing order. Over the next several months, the Court sent Plaintiff additional mail, including several other minute orders. However, on February 20, 2025, the mail originally sent to Plaintiff on November 20, 2024, and November 21, 2024, was returned as undeliverable due to a "closed box." The next day, the documents first mailed to Plaintiff on November 7, 2025, were also returned as not deliverable and unable to be forwarded. Since then, the rest of Plaintiff's legal mail has been returned as undeliverable. More than 62 days have passed since Plaintiff's mail was first returned as undeliverable, and Plaintiff has not filed a notice of change of address or anything else in this case since then.

Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to comply with court orders and to prosecute. In determining whether to dismiss an action

under Rule 41(b) for failure to prosecute or failure to comply with a Court order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

In applying the *Pagtalunan* factors to this case, the first factor weighs in favor of dismissal, because "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted).

As to the second factor, the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* As described above, Plaintiff has failed to provide an updated address as required by a court order and Local Rule 183(b), which interferes with docket management and keeps the case from progressing. Notably, by failing to provide an updated address to receive the Court's orders, Plaintiff lacks critical information for how to progress the case. Accordingly, this factor weighs in favor of dismissal.

Turning to the third *Pagtalunan* factor, risk of prejudice to Defendants, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," and it is Plaintiff's inaction that is delaying the case from progressing. *Id.* at 643. Moreover, Plaintiff's decision not to oppose the pending motion to dismiss, suggests that this case lacks merit. Accordingly, this third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, the fourth *Pagtalunan* factor, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. It is unclear whether Plaintiff would be able to pay a monetary sanction.

Additionally, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Moreover, dismissal *without* prejudice *is* the lesser sanction available to the Court. Under Federal Rule of Civil Procedure 41(b), a court may dismiss an action *with* prejudice for failure to comply with court orders and to prosecute. Fed. R. Civ. P. (41)(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) allows *sua sponte* dismissal by the Court because "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Therefore, the fourth factor also weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

## II.   CONCLUSION AND RECOMMENDATIONS

Accordingly, the Court **RECOMMENDS** that:

1. This action be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to comply with a court order and Local Rule 183(b);
2. The pending motion to dismiss (ECF No. 5) be denied as moot; and
3. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 23, 2025**                    /s/ Erica P. Grosjean
                                                               UNITED STATES MAGISTRATE JUDGE