# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BRIDGECREST CREDIT COMPANY, LLC,<br><br>　　　　Defendant. | Case No.: 1:24-cv-1364 JLT EPG<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 5, 14) |

Hussein Ali initiated this action by filing a complaint in Fresno County Superior Court, which Defendant removed to this district court on November 6, 2024. (Doc. 1.) The Court served several documents to Plaintiff at the only address on record—including its new case documents, standing order, reassignment order, and minute orders—and the U.S. Postal Service returned all documents as undeliverable, indicating the mailbox was closed and the mail could not be forwarded.

The magistrate judge found Plaintiff failed to comply with Local Rule 183(b), which requires a party proceeding *in propria persona* to keep the Court informed of a proper mailing address. (Doc. 14 at 1-2.) The magistrate judge determined dismissal of the action is appropriate, after considering the factors identified by the Ninth Circuit prior to imposing terminating sanctions for failure to prosecute. (*Id.* at 2-4, citing *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir. 2002).) Therefore, the magistrate judge recommended the Court dismiss the action without prejudice and deny Defendant's motion to dismiss as moot. (*Id.* at 4.)

The Court served the Findings and Recommendations Plaintiff at the address on record. However, the U.S. Postal Service again returned the Court's mail as undeliverable on May 13, 2025. Despite this, the service upon Plaintiff is deemed fully effective pursuant to Local Rule 182(f).

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.[1] Plaintiff did not keep this Court informed of his current address, and did not take any action to prosecute the case following removal to the district court. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated April 23, 2025 (Doc. 11) are **ADOPTED** in full.
2. The action is **DISMISSED** without prejudice.
3. Defendant's motion to dismiss (Doc. 5) is denied as **MOOT**.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 30, 2025**

UNITED STATES DISTRICT JUDGE

---

[1] The magistrate judge quoted the prior Local Rules, which required a party to notify the Court of a change of address within 63 days.  *See* L.R. 183(b) (effective Aug. 7, 2023).  However, the Local Rules were amended on January 1, 2025, and now require a party to inform the Court of a mailing address within 30 days.  *See* L.R. 183(b) (effective Jan. 1, 2025).  Regardless, Plaintiff failed to comply with his obligation to keep the Court informed of his current mailing address. Therefore, the Court adopts this finding.